T.C. Memo. 2011-210

UNITED STATES TAX COURT

NEIL G. HEILMAN AND PEGGY J. HEILMAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5827-10.                    Filed August 30, 2011.

<u>Neil G. Heilman</u> and <u>Peggy J. Heilman</u>, pro sese.

<u>Jayne M. Wessels</u>, for respondent.

MEMORANDUM OPINION

MORRISON, <u>Judge</u>:  The IRS issued a deficiency notice to the
petitioners, Neil G. and Peggy J. Heilman, determining
deficiencies in income tax of $9,017 and $9,756 for the tax years
2007 and 2008, respectively, and determining that the Heilmans
were liable for section 6662(a) penalties of $1,803.40 for 2007

and $1,951.20 for 2008.[1]  The IRS has conceded the theory on which it based its determinations in the deficiency notice.  It has raised a new argument that would result in reduced income-tax deficiencies of $6,424 and $7,061 for 2007 and 2008 and section 6662(a) penalties of $1,284.80 and $1,412.20 for 2007 and 2008, respectively.  The issues to be resolved are (1) whether the Heilmans are entitled to the additional child tax credits provided by section 24(d) for 2007 and 2008 and (2) whether they are liable for penalties under section 6662(a) for 2007 and 2008.  We determine that they are not entitled to the additional child tax credits and that they are liable for penalties.

This case was submitted fully stipulated pursuant to Rule 122.  Neil and Peggy Heilman resided in Pennsylvania when they filed their petition.

Background

1.  The Heilmans' Tax Returns

The Heilmans timely filed their federal income tax returns for the tax years 2007 and 2008.  According to the stipulation, their "income in the taxable years 2007 and 2008, except for small amounts of interest and taxable refunds, credits or offsets of state and local income taxes, is attributable to petitioner Neil G. Heilman's net earnings from his carpentry business."

---

[1]All references to sections are to the Internal Revenue Code as in effect for tax years 2007 and 2008.  All Rule references are to the Tax Court Rules of Practice and Procedure.

During 2007 and 2008 Neil Heilman had a valid, approved Form 4029, Application for Exemption From Social Security and Medicare Taxes and Waiver of Benefits, on file with the IRS. He was therefore exempt from self-employment tax.[2] The Heilmans paid no self-employment tax on the income from Neil Heilman's carpentry business for the tax years 2007 and 2008.

The Heilmans claimed dependency exemption deductions for nine dependent children on their federal income tax return for the tax year 2007. They claimed that eight of the nine children were qualifying children for the purposes of the child tax credit and the additional child tax credit. The Heilmans claimed an additional child tax credit of $6,424 for the tax year 2007.

The Heilmans claimed dependency exemption deductions for ten dependent children on their federal income tax return for the tax year 2008. They claimed that nine of the ten children were qualifying children for the purposes of the child tax credit and the additional child tax credit. They claimed an additional child tax credit of $7,061 for the tax year 2008.

---

[2]Sec. 1401(a) and (b) imposes a tax on self-employment income, but sec. 1402(g) authorizes the government to exempt an individual whose religious faith forbids the acceptance of social insurance payments. Sec. 1402(c)(6) provides that if a sec. 1402(g) exemption is in effect for an individual, the individual's services are not among the trades and businesses subject to the self-employment tax.

2.    The Heilmans' Dispute With the IRS

On January 14, 2010, the IRS mailed the Heilmans a deficiency notice.  The notice reflected the imposition of self-employment tax on Neil Heilman's income from his carpentry business, which resulted in deficiencies of $9,017 and $9,756 for the tax years 2007 and 2008, respectively.  The deficiency notice also determined penalties pursuant to section 6662(a) of $1,803.40 and $1,951.20 for the tax years 2007 and 2008, respectively.

On March 8, 2010, the Heilmans filed a Tax Court petition to challenge the deficiency notice.  In the petition, the Heilmans argued that they were exempt from self-employment tax under section 1402(g).  The IRS filed its answer on April 22, 2010, taking the same position as it had in the deficiency notice--that the carpentry-business income was subject to the self-employment tax.  On September 10, 2010, the Court notified the parties that the case would be tried during a weeklong session of trials to begin February 14, 2011.  On January 31, 2011, the IRS submitted its pretrial memorandum, which did not identify the imposition of the self-employment tax on the carpentry-business income as an issue.  It stated that the only issues to be resolved are whether the Heilmans are entitled to the additional child tax credits under section 24(d) and whether they are liable for the section 6662(a) penalties.  The pretrial memorandum stated that the

deficiencies in dispute are $6,424 for 2007 and $7,061 for 2008 and that the amounts of the section 6662(a) penalties in dispute are $1,284.80 for 2007 and $1,412.20 for 2008. The pretrial memorandum the Heilmans submitted advised that the only issue is whether they are entitled to the additional child tax credits under section 24(d). It identified the amounts in dispute as:

- $6,424 in "Deficiencies/Liabilities" for 2007,

- $7,061 in "Deficiencies/Liabilities" for 2008,

- $1,284.80 in "Additions/Penalties" for 2007, and

- $1,412.20 in "Additions/Penalties" for 2008.

On February 14, 2011, the case was called to be scheduled for trial. Instead the parties filed a joint motion to submit the case without trial under Rule 122. The parties also submitted a stipulation that stated in part:

> The only issues remaining for resolution in this case are whether petitioners' gross income derived from petitioner Neil G. Heilman's trade or business, which income is exempt from the tax on self-employment income pursuant to I.R.C. § 1402(g), qualifies as earned income within the meaning of I.R.C. § 24(d), thereby permitting petitioners to take the additional child tax credit under I.R.C. § 24(d) for the taxable years 2007 and 2008, and whether petitioners are subject to the penalty under I.R.C. § 6662(a) for the taxable years 2007 and 2008.

The parties stipulated further that if the Heilmans are not entitled to the additional child tax credits under section 24(d), their deficiencies in income tax are $6,424 and $7,061 for the tax years 2007 and 2008, respectively, and the penalties under

section 6662(a) are $1,284.80 and $1,412.20 for the tax years 2007 and 2008, respectively.  The Court granted the motion to submit the case without trial and ordered the parties to file simultaneous opening briefs on or before April 16, 2011, and reply briefs on or before May 16, 2011.

On March 16, 2011, the IRS filed a motion for leave to file an amendment to the answer to conform the pleadings to the proof under Rule 41(b).  The motion stated that after consideration of the case by the IRS Office of Appeals, the IRS conceded that the Heilmans were not subject to self-employment tax.  Therefore, according to the motion, the matters raised in the petition were no longer at issue.  The motion stated that the IRS wished the Court to resolve the following new issue:  "that petitioners were not entitled to the additional child tax credit and were also liable for the penalty under I.R.C. § 6662(a) for the taxable years 2007 and 2008."  The motion stated that the IRS had been advised that the Heilmans did not object to the motion.  The Court granted the motion.  The amendment to the answer conceded that Neil Heilman was exempt from the tax on self-employment income.  The amendment to the answer asserted that the Heilmans are not entitled to the additional child tax credits under section 24(d) for 2007 and 2008 and that they are liable for section 6662(a) penalties of $1,284.80 and $1,412.20 for 2007 and 2008, respectively.

Discussion

I.   Additional Child Tax Credits

Section 24(a) allows a taxpayer a tax credit of $1,000 per child.  Section 24(b)(3) provides that the credit available under section 24(a) is limited to the taxpayer's tax liability (as calculated before the credit).  An additional portion referred to as the "additional child tax credit" is refundable and is computed as relevant here under section 24(d)(1)(B)(i), as the amount equal to "15 percent of so much of the taxpayer's earned income (within the meaning of section 32) which is taken into account in computing taxable income for the taxable year as exceeds $10,000."[3]  See, e.g., H. Conf. Rept. 111-16, at 515 (2009).

The Heilmans reported a tax liability for 2007 of $1,576 (as calculated before the child tax credit and the additional child tax credit).  Of the $8,000 credit allowable under section 24(a), they claimed a child tax credit of $1,576 and an additional child tax credit of $6,424.  For 2008 the Heilmans reported a tax liability of $1,939 (as calculated before the child tax credit and the additional child tax credit).  Of the $9,000 credit

_____

[3]For 2007 the $10,000 threshold was modified for inflation. Sec. 24(c)(3).  The modified threshold was $11,750.  Rev. Proc. 2006-53, sec. 3.04, 2006-2 C.B. 996, 999.  For 2008 the $10,000 threshold was replaced with an $8,500 threshold.  Sec. 24(d)(4) (before amendment by the American Recovery and Reinvestment Act of 2009, Pub. L. 111-5, sec. 1003(a), 123 Stat. 313).

allowable under section 24(a), they claimed a child tax credit of $1,939 and an additional child tax credit of $7,061.  As discussed next, the Heilmans are not entitled to additional child tax credits for 2007 and 2008 because they did not have any earned income.  The term "earned income" is defined by section 32(c)(2)(A) as:

> (i) wages, salaries, tips, and other employee compensation, but only if such amounts are includible in gross income for the taxable year, plus

> (ii) the amount of the taxpayer's net earnings from self-employment for the taxable year (within the meaning of section 1402(a)), * * *

Section 1402(a) provides that the term "net earnings from self-employment" is the gross income derived by an individual from a "trade or business", less the deductions attributable to the trade or business.  Section 1402(c) provides:

> SEC. 1402(c).  Trade or Business.--The term "trade or business", when used with reference to self-employment income or net earnings from self-employment, shall have the same meaning as when used in section 162 (relating to trade or business expenses), except that such term shall not include--

> *     *     *     *     *     *     *

> (6) the performance of service by an individual during the period for which an exemption under subsection (g) is effective with respect to him.

There was a section 1402(g) exemption in effect for Neil Heilman during 2007 and 2008.  It is uncontested that Neil Heilman's carpentry business was "the performance of service".  The

Heilmans were therefore not engaged in a "trade or business" for purposes of determining their net earnings from self-employment and their earned income. Having no earned income, they are not entitled to additional child tax credits.

The Heilmans argue that Neil Heilman "carries on a trade or business as a carpenter, and therefore meets the definition of a taxpayer having earned income." This argument ignores section 1402(c)(6), which excludes from the definition of a trade or business the performance of services while an exemption under section 1402(g) is effective.

The Heilmans also argue that because Neil Heilman's carpentry-business income is included in taxable income for income tax purposes it therefore results in an increase in the limit under section 24(d)(1)(B)(i). This is incorrect. The increase in the limitation effected by section 24(d)(1)(B)(i) is equal to 15 percent of "the taxpayer's earned income (within the meaning of section 32) which is taken into account in computing taxable income for the taxable year". For an amount to be counted for purposes of section 24(d)(1)(B)(i), it must satisfy two conditions. First, it must be "earned income"; second, it must be "taken into account in computing taxable income". The carpentry-business income is taken into account in computing taxable income, sec. 61, but it is not earned income, secs.

24(d)(1)(B)(i), 32(c)(2)(A)(ii), 1402(a), (c)(6).  And it therefore does not increase the section 24(d)(1)(B)(i) limit.

II.  Section 6662(a) Penalties

In its opening brief, the IRS contends that the Heilmans had conceded in the stipulation that they are liable for the section 6662(a) penalties for 2007 and 2008 if they are not entitled to the additional child tax credits.  In their answering brief the Heilmans assert that they cannot be held liable for the penalties under section 6662(a) because the issue is not properly before the Court:

> The original Notice of Deficiency had a different issue on it, and the government conceded that issue, and the penalties along with it.  When this new issue was raised petitioners had no objection, however they did not realize that penalties under I.R.C. Section 6662(a), were still being applied.  Since the issue that we are now debating was not even part of the original notice how can petitioners be subject to a penalty that was not even part of the issue the IRS raised.

The IRS is entitled to raise issues in the answer that it did not raise in the notice of deficiency.  It could therefore raise in the answer a new theory of why the Heilmans were liable for self-employment tax and penalties.  In the stipulation, the Heilmans conceded that they are liable for penalties if they are not entitled to the additional child tax credits.  They have not shown cause to be excused from the stipulation.  See Stamm Intl. Corp. v. Commissioner, 90 T.C. 315, 321-322 (1988) (wrongful

misleading conduct is grounds for relieving other party of settlement agreement, but unilateral mistake is not).

We hold that the Heilmans have deficiencies in income tax of $6,424 and $7,061 for 2007 and 2008, respectively, and are liable for penalties under section 6662(a) of $1,284.80 and $1,412.20 for 2007 and 2008, respectively.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.